MARTIN BROWN, Garnishee, d. b. a., *vs.* HARTMANN & FEHRENBACH BREWING COMPANY, p. b. r.

### *Garnishment—Debts not due.*

Where a purchaser of property agrees, as a consideration therefor, to pay certain debts which were owing by the seller, but no time was fixed for such payments, and no demand of payment had been made upon such purchaser, he was not liable as garnishee. The seller could not under the circumstances have maintained an action for the money, and his creditor could not occupy any better position or have any greater power.

(*February 16, 1898.*)

LORE, C. J., and PENNEWILL and BOYCE, J. J., sitting.

*J. Frank Ball* and *J. H. Hoffecker, Jr.*, for defendant below.

*James Ponder* for plaintiff below.

Superior Court, New Castle County, February Term, 1898.

APPEAL from a judgment of a Justice of the Peace. The plaintiff below obtained a judgment against one Dennis Reardon, for money loaned on which an attachment was issued against the defendant below. The plaintiff alleged that at the time the

attachment was laid in the hands of Brown, that he was indebted to Reardon in an amount about equal to the claim of the plaintiff against Reardon. The evidence of Reardon showed that he had sold his saloon, which he kept in the United States Hotel at the foot of French Street in the City of Wilmington, with good will and fixtures, to the defendant, the consideration being a promise on the part of Brown to pay the debts of Reardon, which amounted to about one thousand dollars. Proof was further offered tending to show that Brown admitted to the constable that he owed for the saloon at the time the attachment was laid in his hands, but stated that he would not pay for the same until he got possession.

*Mr. Ball* : We move for a non-suit on two grounds :

1. That the plaintiff has not shown affirmatively either by his evidence or *aliunde* that the defendant has property in his possession of a description that will authorize his being charged, or that he is indebted to the defendant.

*Drake on Attachment (6th Edition), Sec. 461; 8 A. & E. Ency. Law, 1151; Rev. Code, Sec. 35, p. 760.*

2. That a promise to pay the debt of another makes the promisor the debtor of the person for whose benefit the promise was made, and his liability to a third person cannot be enforced in this action.

*1 Harr., 330; Owen vs. Estes, 5 Mass., 330; Putney vs. Farnham, 27 Wis., 187.*

*Mr. Ponder :* Under our statute the Hartmann & Fehrenbach Company could not have sued Martin Brown and have recovered ; there was no contract between them. The cases cited by the learned counsel for the defendant do not support his contentions.

PENNEWILL, J :—An application for a non-suit is made in this case, on the ground that no evidence has been produced to show that at the time of the service of the attachment, Martin Brown, the garnishee, was indebted to Dennis Reardon, or had in his possession any property liable to said attachment.

Admitting to be true all the testimony which has been given in this case on behalf of the respondent, we think it does not appear that at the time of the service of the attachment, Martin Brown had in his hands or possession any money, goods, chattels, rights, credits or effects of Reardon liable to attachment.

The testimony substantially is that the consideration for the sale of the property of Reardon to Brown, was that Brown should pay certain debts which were due and owing to different persons from Reardon, there being, however, no time fixed at which said debts should be paid. It seems to us that Reardon himself, under these circumstances, could not have maintained an action for the purchase money, or for the value of said property, at least until there had been a demand upon Brown to pay said debts and a refusal upon his part so to do. The agreement between Brown and Reardon was a very indefinite one, at the best. There was no time agreed upon between Reardon and Brown, so far as appears from the evidence, at which these debts should be paid, and it does not therefore appear that the time has yet expired when these debts might under the agreement be paid. At all events, there is no evidence to show that there has been any demand upon Brown that he should pay them or refusal upon his part to do so ; and inasmuch as Reardon himself could not have maintained the action for the money, of course a creditor of Reardon would not occupy any better position and would not have any greater power than Reardon himself possessed.

While we regret very much to withdraw this case from the jury, yet, under the evidence which has been produced, we feel constrained to grant the motion for a non-suit.

Such is our conclusion after giving the matter the best consideration we could in the limited time we have had. And we desire to remind the counsel for the respondent of a late rule of the Court which provides that "in all actions where a non-suit shall be granted, the plaintiff shall at that time be entitled, upon motion, to a rule to show cause why such non-suit should not be set aside." Therefore the respondent may, if so disposed, take advantage of the rule and secure a further hearing of the question when it could be more fully argued and more carefully considered.

We therefore direct that the non-suit be entered.

*Mr. Ponder* declined to take a non-suit.

*Mr. Ball* requested the Court to instruct the jury to bring in a verdict for the defendant below.

PENNEWILL, J :—Gentlemen of the jury :—You will return a verdict in favor of the defendant below appellant.

Verdict for defendant below appellant.